UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                          :
EUGENIA SCHWARZ,                                          :     **MEMORANDUM**
                                                          :     **DECISION AND ORDER**
                                       Plaintiff,         :
                                                          :     10 Civ. 0562 (BMC)(LB)
                     - against -                          :
                                                          :
DEPARTMENT OF JUSTICE et al.,                             :
                                                          :
                                       Defendant.         :
-------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* has sued the United States Department of Justice and the Department of

Homeland Security for failure to comply with her requests under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552 (2006). Defendants' motion for summary judgment is granted and the

complaint is dismissed for the reasons set forth below.

## BACKGROUND

Plaintiff's amended complaint does not give much insight into the nature of her claim,

but some of her assertions can be discerned from a series of letters she wrote to President Obama

and other government officials in 2008 and 2009 that are annexed to the complaint, from other

letters that defendants have submitted as part of their motion for summary judgment, and from

statements she made during oral argument on defendants' motion. In addition, plaintiff has not

submitted any response to defendants' Corrected Local Rule 56.1 Statement, so those

allegations, which are supported by the record, may be deemed true. See Jessamy v. City of

New Rochelle, 292 F. Supp. 2d 498, 504-505 (S.D.N.Y. 2003) (quoting NAS Elecs., Inc. v.

Transtech Elecs. PTE Ltd., 262 F. Supp. 2d 134, 139 (S.D.N.Y. 2003). However, "a district court has broad discretion to determine whether a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., 258 62, 73 (2d Cir. 2001) (citations omitted). Exercising this discretion and "given plaintiff's *pro se* status, the Court will overlook this defect and will deem admitted only those facts in defendant's Rule 56.1 statement that are supported by admissible evidence and not controverted by other admissible evidence in the record." Roman v. NSA, No. 07-CV-4502, 2009 WL 30386 (E.D.N.Y. Feb. 9, 2009).

Plaintiff asserts that as a civilian employee of the United States Coast Guard ("Coast Guard") in the mid-1990s, she uncovered or became exposed to unspecified corrupt practices, presumably within the Coast Guard. She further states that she worked with an agent of the Federal Bureau of Investigation ("FBI") at the time as an undercover operative to develop a case concerning these corrupt practices. As a result of this work, she states, she became entitled to two kinds of monetary awards: (1) a "whistleblower" award; and (2) an "EEO award." According to plaintiff, her entitlement at that time was not in dispute; the awards were funded, and just needed authorization to be released, but plaintiff never received either of these awards. No more detail about these awards is provided either in plaintiff's original complaint or her amended complaint, although the Court infers, because of plaintiff's use of the word "retaliation" in some of her letters, that the EEO award relates to employment discrimination that she suffered as a result of her whistleblower activities.

Plaintiff's attempt to recover records pertaining to these alleged awards involved three agencies: the Coast Guard, the FBI, and the Civil Division of the Department of Justice ("DOJ"). Defendants' affidavits demonstrate that each of these agencies made a thorough, detailed search through their respective records and other than her 170-page Coast Guard personnel file, which

the Coast Guard produced to her in response to her requests, no documents were located. The affidavits further show that the Coast Guard and FBI advised plaintiff of her right to take an administrative appeal from each agency's response (the DOJ did not give her that advice), but that she took no administrative appeals.

In response to the detailed description of the searches that each agency conducted, plaintiff has asserted in conclusory terms that each agency is simply "lying." At oral argument, the Court pointed out to plaintiff that to defeat summary judgment it is not enough to merely assert that the movant is dissembling, and that plaintiff had to point to some circumstantial evidence to raise an issue of fact that defendants' version of the events is false. Plaintiff responded that while she had no such evidence, there was a woman, the name of whom she did not identify, residing in Virginia, who could confirm her story, but she did not think that woman would voluntarily submit an affidavit. The Court advised plaintiff of the procedure to obtain the deposition of a non-party witness. However, following the argument, plaintiff advised the Court that she did not wish to pursue that or any other avenue to obtain additional evidence that might support her conclusion that the defendants have submitted perjurious affidavits.[1]

---

[1] What the Court was able to glean from plaintiff during oral argument was that plaintiff received certain oral communications from the unnamed woman in Virginia regarding the alleged "awards." Because plaintiff has supplied no detail of how she allegedly became entitled to these awards, there is no way to know whether plaintiff misunderstood this communication, or whether she received deliberate misinformation, or indeed whether this communication happened at all.

**DISCUSSION**

## I. Exhaustion

Defendants initially contend that the Court lacks subject matter jurisdiction to consider plaintiff's claims against the Coast Guard and the FBI because plaintiff did not take an administrative appeal from their response to her requests.[2]

The weight of recent authority holds that the failure to exhaust an administrative claim under the FOIA does not impact the Court's subject matter jurisdiction. Most district courts follow the D.C. Circuit decision in Wilbur v. CIA, 355 F.3d 675 (D.C. Cir. 2004), which held that exhaustion of a FOIA request is not jurisdictional because FOIA "does not make it unequivocally so" but ruled that "as a jurisprudential doctrine, failure to exhaust precludes judicial review 'if the purposes of exhaustion' and the 'particular administrative scheme' support such a bar.'" Id. at 382 (quoting Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003). The purposes of exhaustion in the FOIA context, according to the D.C. Circuit, is "to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review." Id.

The Fifth and Eleventh Circuits have also declined to treat failure to exhaust in the FOIA context as a jurisdictional defect and only dismiss on these grounds when the purposes of exhaustion support it. See Taylor v. Appleton, 30 F.3d 1365, 1368 n. 3 (11th Cir. 1994) (FOIA claim should not have been dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction); Dressler Indus., Inc. v. U.S., 596 F.2d 1231, 1238 (5th Cir. 1979).

---

[2] Defendants do not allege failure to exhaust as to the DOJ because the DOJ, unlike the Coast Guard and the FBI, did not advise her of right and obligation to administratively appeal. See Dinsio v. FBI, 445 F. Supp. 2d 305, 311 (W.D.N.Y. 2006).

4

The Second Circuit, in Robert v. DOJ, 193 Fed. Appx. 8, 9 (2d Cir. 2006) (summary order), expressed uncertainty as to whether exhaustion of remedies in the FOIA context is a jurisdictional issue, instead deciding to treat the government's motion to dismiss as one for summary judgment and affirm on the merits. Following Robert v. DOJ, several district courts have declined to rely on jurisdictional grounds and dismissed claims on the merits where plaintiff failed to exhaust administrative remedies. Manfredonia v. SEC, 08-CV-1678, 2009 WL 4505510 (E.D.N.Y. Dec. 3, 2009) (reaching the merits and dismissing under 12(b)(6)); Hadden v. Bureau of Prisons, No. 07-CV-8586, 2008 WL 5429823, at *4 (S.D.N.Y. Dec. 22, 2008) (explaining the preference in the Second Circuit for analyzing dismissal motions in FOIA cases under Rule 56); Dinsio v. FBI, 445 F. Supp. 2d 305, 309 (W.D.N.Y. 2006) (deeming plaintiff's claims constructively exhausted and denying defendants' motion for summary judgment). Most of these cases base their conclusion on the distinction between a subject matter jurisdiction motion under Rule 12(b)(1) and a summary judgment motion under Rule 56, noting that FOIA cases are generally resolved in the summary judgment context. See Associated Press v. DOJ, No. 06 Civ. 1758, 2007 WL 737476, at *3(S.D.N.Y. Mar. 7, 2007) ("Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is the vehicle by which most FOIA actions are resolved") (citing Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified.")).

This Court agrees that the failure to exhaust an FOIA claim does not affect the Court's subject matter jurisdiction. In recent cases in other areas of law, the Supreme Court has made it clear that statutory prerequisites to suit are not jurisdictional unless Congress phrases them in jurisdictional terms. See Reed Elsevier, Inc. v. Muchnick, ___ U.S. ___, 130 S.Ct. 1237 (2010)

(although Copyright Act requires registration of copyright as precondition to suit, suit on unregistered copyright fails on the merits, not for lack of jurisdiction); Arbaugh v. Y&H Corp., 546 U.S. 500, 126 S.Ct. 1235 (2006) (although Title VII permits suit only against employer with 15 or more employees, suit against employer with less than 15 employees fails on the merits, not for lack of subject matter jurisdiction). Plaintiff has invoked the FOIA, a federal statute that gives this Court jurisdiction to review agency determinations. If she has failed to comply with the statutory exhaustion requirement, her claim may be dismissed for that jurisprudential reason, but that failure to comply with the statute does not deprive the Court of subject matter jurisdiction. Of course, like a dismissal for lack subject matter jurisdiction, a dismissal based on a failure to exhaust is without prejudice to renewal after exhaustion. See, e.g., Djordjevic v. Postmaster General, 911 F. Supp. 72, 75 (E.D.N.Y. 1995).

Although the Court could dismiss plaintiff's claims against the Coast Guard and FBI for failure to exhaust, as her failure is manifest, the existence of subject matter jurisdiction does not make dismissal on that ground mandatory. For the reasons set forth below, this is not a case that counsels for the development of a larger agency record. There are no prudential reasons for avoiding a final resolution of plaintiff's claims. Moreover, since defendants acknowledge that plaintiff must be deemed to have exhausted her claims against the DOJ (because it failed to advise her of her right to administratively appeal), dismissal on exhaustion grounds as to the Coast Guard and FBI would create the anomalous situation of a dismissal without prejudice as to the Coast Guard and FBI yet leave the potential for a dismissal with prejudice as to the DOJ.

Considering the straightforward nature of the inquiry here and the absence of any reason for further discovery, the Court will proceed to resolve plaintiff's claims against all three agencies on the merits.

## II. The Merits

The Second Circuit has held that

[i]n order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate.... Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search ... are sufficient to sustain the agency's burden. Affidavits submitted by an agency are accorded a presumption of good faith.... [In order to defeat summary judgment,] the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations....

Jones-Edwards v. Appeal Bd. of NSA, 196 Fed. Appx. 36, 37 (2d Cir. 2006) (citing Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994)).

In seeking summary judgment, the burden is on the agency to show that it has performed a thorough, careful search that would have uncovered the documents that the plaintiff is seeking. "To merit summary judgment ... an 'agency must demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents.'" Dinsio v. Fed. Bureau of Investigation, No. 05 Civ. 6159L, 2007 WL 2362253, at *1 (W.D.N.Y. Aug. 16, 2007) (quoting Students Against Genocide v. Dep't of State, 257 F.3d 828, 838 (D.C. Cir. 2001). "In response to a challenge to the adequacy of its search, the agency may provide a 'reasonably detailed affidavit, setting forth the search terms and type of search performed, and averring that all files likely to contain responsive materials ... were searched.'" Smith v. Fed. Bureau of Investigation, 448 F. Supp. 2d 216, 220-21 (D.D.C. 2006) (citing Oglesby v. United States Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990)).

To rebut a satisfactory agency showing, "[t]he plaintiff is not required to present evidence that would be admissible at a trial, but something more than [her] bare allegations is needed." Jones-Edwards, 196 Fed. Appx. at 38 (quotations marks and citation omitted). The plaintiff must provide "factual support," rather than "mere speculation." Id. Thus, "[c]onclusory allegations

that other, undisclosed records 'must' exist somewhere, that they are within defendants' control, and that defendants must therefore have conducted an inadequate search, or that they are deliberately concealing the records, are not enough to [defeat summary judgment]." Dinsio, 2007 WL 2362253, at *3 (citing Anderson v. United States Dep't of Justice, No. 05 Civ. 2248, 2007 WL 952038, at *9 (E.D.N.Y. Mar.28, 2007) (collecting cases)); see also Oglesby, 920 F.2d at n. 13 (plaintiff provided no proof that the requested documents existed, and his own conviction that they must have been created because of the importance of the subject matter amounted to "pure speculation" and was insufficient to raise a material issue of fact with respect to the adequacy of the agency's search). The bottom line is that "[a] district court in a FOIA case may grant summary judgment in favor of an agency 'on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith.'" Grand Cent. P'ship., Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999) (quoting Gallant v. NLRB, 26 F.3d 168, 171 (D.C. Cir. 1994)) (emphasis omitted).

Applying these principles, there is no doubt that defendants have met their initial burden and that plaintiff has not rebutted it in any way. The affidavit of each agency demonstrates a thorough, careful search in every place where documents responsive to plaintiff's request might have been located. Notwithstanding this Court's advice to plaintiff about how to obtain evidence from the unnamed woman in Virginia, plaintiff has taken no steps nor offered any evidence that would show defendants are dissembling, nor has plaintiff suggested what more defendants should have done. Her unsupported conjecture that documents must be out there somewhere is insufficient to deny defendants' summary judgment motion.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted and the case is dismissed with prejudice.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

_____
U.S.D.J.

Dated: Brooklyn, New York
      July 14, 2010